STEVEN T. GUBNER – Bar No. 156593
JESSICA L. BAGDANOV – Bar No. 281020
TAMAR TERZIAN – Bar No. 254148
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  sgubner@bg.law
        jbagdanov@bg.law
        tterzian@bg.law

Attorneys for, David Seror, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HORMOZ RAMY,<br><br>Debtor.<br><br>DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MASSOUD RAMI, an individual,<br><br>Defendants. | Case No. 1:20-bk-10276-VK<br><br>Adv. Case No.:<br><br>Chapter 7<br><br>**COMPLAINT FOR DETERMINATION OF SECURED STATUS OF LIEN AND PRESERVATION OF LIEN FOR BENEFIT OF THE ESTATE**<br><br>**Status Conference:**<br>Date: [To Be Set]<br>Time: [To Be Set]<br>Place: Courtroom 303<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367 |

David Seror, the duly appointed Chapter 7 Bankruptcy Trustee (the "Trustee"), for the Bankruptcy estate ("Estate") of debtor Hormoz Ramy ("Debtor"), hereby alleges as follows:

1

2765341

**NATURE OF ACTION AND JURISDICTION**

1. In compliance with Local Bankruptcy Rule 7008-1, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 151, 157(b)(1) and (2), and 1334, as well as General Order No. 242-A of the District Court for the Central District of California, on the basis that this action is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (B), and (K), and arises in or under the chapter 7 bankruptcy case of *In re Hormoz Ramy*, 1:20-bk-10276-VK currently pending before this Court. The Trustee consents to entry of final orders or judgment by this Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) in that the instant proceeding is related to the Bankruptcy Case presently pending under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California.

3. This bankruptcy case ("Case") was commenced by the filing of a Voluntary Petition by Debtor under Chapter 7 of Title 11 of the United States Code (beginning at 11 U.S.C. § 101, *et seq.*, "Bankruptcy Code") on February 4, 2020 ("Petition Date").

4. The Trustee is informed and believes that Debtor, at all times relevant hereto is the fee simple title owner of the real property located at 4470 Winnetka Avenue, Woodland Hills, Ca (the "Winnetka Property").

**PARTIES**

5. The Trustee brings this action solely in his capacity as chapter 7 trustee for this estate.

6. Massoud Rami is an individual residing in the Central District of California and is the Debtor's brother. Massoud Rami is an "insider" of Debtor as that term is defined in Section 101 of the Bankruptcy Code.

**OPERATIVE FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

7. On February 17, 2020, Debtor filed his Schedules and Statement of Financial Affairs [Bk. Doc. 10]. On May 26, 2020, Debtor filed amended Schedules and Statements [Bk. Docs. 22, 23].

2

2765341

8. Debtor disclosed in his schedules a fee simple ownership interest in the Winnetka Property. The Winnetka Property is Debtor's principal residence, the principal place of business for Ramy & Associates, LLC, and the principal place of business for Ramy & Associates, Inc.

9. On March 25, 2005, a deed of trust was recorded against the Winnetka Property in the principal amount of $750,000, listing Massoud Rami as the beneficiary (the "First Massoud Trust Deed"). The First Massoud Trust Deed itself was dated a year earlier, on February 26, 2004.

10. The First Massoud Trust Deed was notarized by Hamid Daneshi, who is Debtor's brother-in-law. Specifically, Debtor's sister, Ziba Daneshi, is and was at all relevant times, married to Hamid Daneshi.

11. The Trustee is informed and believes, and based thereon alleges, that the parties did not use title insurance with respect to the First Massoud Trust Deed.

12. The First Massoud Trust Deed was recorded against the Winnetka Property at or around the same time as Debtor's sister, Ziba Daneshi, recorded a trust deed against his real property on Balboa, which the Trustee also disputes by separate adversary proceeding.

13. On information and belief, the First Massoud Trust Deed purportedly relates to a Straight Note, executed February 26, 2004. The Straight Note purports to be executed by the Debtor and has no maturity date.

14. On February 28, 2008, the Debtor obtained an equity line of credit from Wells Fargo Bank in the amount of $500,000, which is secured by the Winnetka Property with a second position deed of trust (the "Wells Fargo Lien").

15. However, the Trustee is informed and believes, and based thereon alleges, that at the time the Wells Fargo Lien was recorded, Wells Fargo believed it held the first trust deed on the Winnetka Property.

16. Such belief by Wells Fargo was likely based on the fact that, on or about January 16, 2008, Massoud Rami entered into a Subordination Agreement, pursuant to which Massoud Rami agreed to subordinate the Massoud First Trust Deed to the Wells Fargo Lien (the "Subordination Agreement").

17. The Subordination Agreement was never recorded.

2765341

18. On March 12, 2008, another deed of trust was recorded against the Winnetka Property in the principal amount of $325,000, listing Massoud Rami as the beneficiary (the "Second Massoud Trust Deed" and collectively with the First Massoud Trust Deed, the "Disputed Trust Deeds").

19. On information and belief, the Second Massoud Trust Deed purportedly relates to a Second Straight Note, executed March 10, 2008. The Second Straight Note purports to be executed by the Debtor and has no maturity date.

20. The Debtor has never made a payment on either of the Disputed Trust Deeds or supporting notes.

21. Debtor's Schedule J lists monthly mortgage payments on the Winnetka Property of approximately $2,315.15, which payments concern the Wells Fargo Lien. No other mortgage payments are disclosed (i.e., payments to Massoud Rami on account of the Disputed Trust Deeds).

22. The Trustee is informed and believes that the Disputed Trust Deeds were recorded against the Winnetka Property for the sole purpose of encumbering the Winnetka Property to shield it from Debtor's creditors.

23. Based on the Trustee's investigation and Debtor's testimony, Debtor has omitted material assets from his bankruptcy schedules, and has done so with intent to hinder, delay and defraud his creditors. Among other things, it is apparent that Debtor has been involved in several ongoing businesses, which business have significant assets involving his interest in various entities with the Defendant, none of which were disclosed.

## FIRST CLAIM FOR RELIEF

**(For Determination of Secured Status Pursuant to 11 U.S.C. § 506(d))**

24. Trustee re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

25. Defendant asserts that he has a "claim," or right to payment against the Debtor, as set forth in the First and Second Massoud Trust Deeds.

///

26. As set forth herein, the Trustee disputes that the First and Second Massoud Trust Deed are legitimate liens and instead asserts that they are void and not allowed secured claims against the Debtor's property.

27. Accordingly, the Trustee is entitled to a judgment declaring that the First and Second Massoud Trust Deeds are void pursuant to 11 U.S.C. § 506(d).

## SECOND CLAIM FOR RELIEF

**(For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)**

28. Trustee re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

29. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any liens deemed void under 11 U.S.C. § 506(d), for the benefit of the Estate.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully prays for judgment against the Defendant as follows:

1. On the first claim for relief, for a judgment declaring that the First and Second Massoud Trust Deeds are void pursuant to 11 U.S.C. § 506(d);

2. On the second claim for relief, for preservation of the First and Second Massoud Trust Deeds for the benefit of the estate pursuant to 11 U.S.C. § 551; and

3. On all claims for relief, for costs of suit herein and for such other and further relief as the Court deems proper.

DATED: February 3, 2022          BG LAW LLP

By: /s/ Jessica L. Bagdanov
    Jessica L. Bagdanov
    Attorneys for David Seror, Chapter 7 Trustee